FILED

January 31, 2017

IN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 7:15 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **Buster Barrett,** | ) | **Docket No. 2015-06-0186** |
| **Employee,** | ) | **State File No. 78378-2014** |
| | ) | **Date of Injury: August 27, 2014** |
| **v.** | ) | |
| | ) | |
| **Lithko Contracting, Inc.,** | ) | **Docket No. 2015-06-0188** |
| **Employer,** | ) | **State File No. 24788-2015** |
| | ) | **Date of Injury: January 15, 2015** |
| | ) | |
| **And** | ) | **Docket No. 2015-06-0189** |
| | ) | **State File No. 24789-2015** |
| **Ace American Insurance** | ) | **Date of Injury: January 21, 2015** |
| **and The Travelers,** | ) | |
| | ) | |
| **Carriers.** | ) | **Judge Joshua Davis Baker** |

## ORDER GRANTING IN PART, AND DENYING IN PART, TRAVELERS MOTION FOR SUMMARY JUDGMENT

This case came before the Court on January 23, 2017, for a hearing of the Travelers Indemnity Company's Motion for Summary Judgment. Buster Barrett opposed the motion; Ace American Insurance did not respond. Upon review of the motion, statement of material facts and supporting memorandum, the Court grants Travelers' Motion for Summary Judgment of the claim with state file number 78378-2014. The Court denies Travelers' Motion for Summary Judgment of claims with state file numbers 24788-2015, and 24789-2015 at this time. The Court will reconsider the motion for in these two claims, upon request from Travelers, after Mr. Barrett attains maximum medical improvement and the parties have reasonable opportunity to collect expert medical proof on causation.

## Background

Mr. Barrett filed three Petitions for Benefit Determination alleging injury on three dates: August 27, 2014 (state file number 78378-2014), January 15, 2015 (state file

number 24788-2015), and January 21, 2015 (state file number 24789-2015). The Dispute Certification Notice for each file lists Mr. Barrett's back, left hip and shoulder as the injured body parts. Lithko had two insurance carriers over the time period Mr. Barrett's accidents occurred, and which carrier would be required to pay for these claims was the central dispute at the expedited hearing.

In an interlocutory, expedited hearing order, this Court held that Mr. Barrett's injuries stemmed from the August 27, 2014 accident and determined that Ace American Insurance was the responsible insurance carrier. At that hearing, the parties stipulated Ace American Insurance provided Lithko's workers' compensation insurance up to August 31, 2014. Travelers acknowledged it provided coverage through at least January 21, 2015. During the hearing, Mr. Barrett testified all his injuries arose from the August 27, 2014 incident. Additionally, the authorized treating physician for Mr. Barrett's back, Dr. Scott Standard, testified in a deposition that the August 2014 incident was "the primary causative injury for the exacerbation and advancement of his lumbar condition."

After the expedited hearing, Dr. William Beauchamp, the authorized treating physician for Mr. Barrett's shoulder, provided an affidavit identifying "the primary cause of his shoulder injury [as] his work injury of August 27, 2014." The affidavit was filed in support of a motion for temporary disability benefits.

In support of its motion for summary judgment of all three claims, Travelers argues the opinions from the authorized treating physicians attributing causation of Mr. Barrett's injuries to the August 2014 injury, Mr. Barrett's testimony at the expedited hearing, and this Court's interlocutory order show Mr. Barrett's injuries resulted from the August 27, 2014 accident. Because it was not Lithko's insurance carrier on that date, Travelers claims it has no liability and should be dismissed from the case.

In opposition to the motion, Mr. Barrett argues Dr. Beauchamp signed an affidavit containing that opinion but has not given a deposition. While he admitted the majority of material facts cited by Travelers are undisputed, he denied Dr. Beauchamp testified his shoulder injury is causally related to the August 27, 2014 accident. He argues that summary judgment should be denied until the parties have had the opportunity to depose Dr. Beauchamp to secure testimony concerning the cause of his shoulder injury.

### Findings of Fact and Conclusions of Law

Motions for summary judgment are governed by Tennessee Rule of Civil Procedure 56.04, which provides for entry of summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Aside from Rule 56, in 2011,

2

the Tennessee General Assembly codified the burden of proof as follows:

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
>
> > (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
> >
> > (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101 (2015); *Payne v. D and D Elec.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 21, at *7-8 (May 4, 2016).

In order to prevail, Travelers, as the moving party, must provide "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. In order to avoid summary judgment, Mr. Barrett, as the nonmoving party, must then "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party." *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 265 (Tenn. 2015). The focus is on "the evidence the nonmoving party comes forward with *at the summary judgment stage*, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial." *Id*. at 265 (emphasis added). However, in instances where a party moves for summary judgment before adequate time for discovery has transpired, the nonmoving party may request a continuance to conduct additional discovery. *See id*.

Applying these standards, the Court holds Travelers has presented sufficient evidence at the summary judgment stage to show there is no genuine issue of material fact concerning the August 27, 2014 accident. The Court further holds Travelers is entitled to judgment as a matter of law with respect to that claim. The only true material fact concerning Travelers' liability in that matter concerns the coverage agreement. While Mr. Barrett stated in his response to Travelers' statement of material facts that he was unsure whether Travelers insured Lithko at the time of that accident, the parties all stipulated at the expedited hearing that Ace American was the insurance carrier on August 27, 2014. Because Travelers did not insure Lithko at the time of the August 2014 accident, no rational fact finder could hold Travelers liable for Mr. Barrett's injury. Accordingly, the Court grants Travelers' motion for summary judgment in state file number 78378-2014 and dismisses it from that case.

As to the remaining claims, the Court declines to enter summary judgment in Travelers favor at this time. While the proof developed at this point indicates Mr. Barrett's injuries all stem from the August 27, 2014 accident, Mr. Barrett has not reached maximum medical improvement for his shoulder claim, and the parties have not deposed Dr. Beauchamp. Furthermore, the Court has yet to enter a discovery order in this case and will not likely do so until after Mr. Barrett attains maximum medical improvement. After such time, and after the parties have an opportunity to conduct discovery, the Court will reconsider Travelers' motion for summary judgment in the two remaining claims.

**IT IS, THEREFORE, ORDERED** as follows:

1. All claims against Travelers for injuries Mr. Barrett suffered in a workplace accident on August 27, 2014, are dismissed with prejudice.

2. The Court denies the Travelers' motion for summary judgment in the two remaining claims having dates of injury on January 15 and 21, 2015.

3. This order is not final.

**ENTERED ON THIS THE 31ST DAY OF JANUARY, 2017.**

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on this the  31st  day of January, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Jill Draughon, Employee's Counsel | | | ✓ | jdraughon@hughesandcoleman.com |
| John Barringer, Counsel for ACE American Insurance/Gallagher Bassett | | | ✓ | jbarringer@manierherod.com |
| Wm. Ritchie Pigue, Counsel for Travelers | | | ✓ | rpigue@tpmblaw.com |
| Patrick Ruth, Second Injury Fund | | | ✓ | patrick.ruth@tn.gov |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**